CSD 1159A [11/15/04]

Name, Address, Telephone No. & I.D. No.

Robert P. Zahradka                    CA SBN   282706
Pite Duncan, LLP
4375 Jutland Drive Suite 200
P.O. Box 17933
San Diego, CA 92117-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

**Order Entered on**
July 24, 2014
**by Clerk U.S. Bankruptcy Court**
**Southern District of California**

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

| | |
|---|---|
| In Re<br>Michael Edward Rothbart<br><div align="right">Debtor.</div> | BANKRUPTCY NO. 14-00326-CL13 |
| CitiMortgage, Inc.<br><div align="right">Movant(s)</div> | RS NO. PD-1 |
| Michael Edward Rothbart<br>David L. Skelton          Chapter 13<br><div align="right">Respondent(s)</div> | Date of Hearing: No Hearing Date Set<br>Time of Hearing:<br>Name of Judge: Honorable Christopher B. Latham |

<div align="center"><span style="color:red">COURT MODIFIED</span></div>

<div align="center">

**ORDER ON**
**STIPULATION GRANTING ADEQUATE PROTECTION**

</div>

         IT IS ORDERED THAT the relief sought as set forth on the continuation pages attached and numbered two (2)

through __2__ with exhibits, if any, for a total of __3__ pages, is granted.  Motion/Application Docket Entry No. __33/38__

//

//

//

//


DATED:     July 24, 2014

Judge, United States Bankruptcy Court


Signature by the attorney constitutes a certification under
Fed. R. of Bankr. P. 9011 that the relief in the order is the
relief granted by the court.

Submitted by:

 Pite Duncan, LLP
(Firm name)


By: /s/    Robert P. Zahradka
     Attorney for ☑ Movant ☐ Respondent


CSD 1159A

CSD 1159A [11/15/04] **(Page 2)**

ORDER ON STIPULATION GRANTING ADEQUATE PROTECTION
DEBTOR: Michael Edward Rothbart

CASE NO.: 14-00326-CL13
RS NO.: PD-1

The Court, having considered the Stipulation of the parties, and good cause appearing, the Stipulation Granting Adequate Protection as to the subject property located at 14441 Range Park Rd, Poway, California 92064 is adopted as the Order of the Court.

1. Debtor shall tender regular monthly payments in the amount of $817.28 to Movant, which amount is subject to change, pursuant to the terms of the subject Note (the "Note"), commencing August 1, 2014, and continuing until all such outstanding amounts under the Note are to be paid in full. Payments are to be remitted to CitiMortgage, Inc., P.O. Box 689196, Des Moines, IA 50368-9196.

2. The post-petition arrears are calculated as follows:
5/1/2014 – 7/1/2014 - 3 payments @ $817.28 = $2,451.84
Attorneys' Fees and Costs = $1,026.00
Total Arrears = $3,477.84

3. The post-petition arrears in the amount of $3,477.84 shall be included in an Amended Proof of Claim to be filed by Movant and shall be paid through the Chapter 13 Plan. The current post-petition arrears agreed to in this Stipulation do not effect the HAMP Loan Modification between the borrower Michael Edward Rothbart and CitiMortage, Inc.

4. The parties agree that the Movant's disclosure of its reasonable attorneys' fees and costs in paragraph 2 herein satisfies the notice requirements of subsection (c) of Rule 3002.1 of the Federal Rules of Bankruptcy Procedure as of the date of this stipulation.

5. The parties agree that the requirements to tender additional payments pursuant to paragraph 3 herein does not constitute a payment change within the meaning of subsection (b) of Rule 3002.1 of the Federal Rules of Bankruptcy Procedure.

6. Debtor shall maintain real property taxes and real property hazard insurance paid current for the Real Property, and provide proof of said insurance to Movant on a timely basis.

7. Debtor shall comply with the terms and conditions of his Chapter 13 Plan with respect to the payments to the Chapter 13 Trustee.

8. In the event of any future default on any of the above described provisions, inclusive of this Order, Movant shall provide written notice to Debtor at 14441 Range Park Rd, Poway, CA 92064, and to Debtor's attorney of record, Gerald L. Bohart, 9988 Hibert St., Suite 208, San Diego, CA 92131, indicating the nature of the default. The Debtor shall be entitled to a maximum of Two (2) Notices of Default and opportunities to cure pursuant to this paragraph. Once the Debtor has defaulted this number of times on the obligations imposed by this Order and has been served with this number of notices of default, Movant is relieved of any obligation to serve additional notices of default or to provide additional opportunities to cure. If Debtor fail to cure the default with certified funds after the passage of ten (10) calendar days from the date said written notice is placed in the mail, then Movant, after giving seventy-two (72) hours' telephonic notice to Debtor's counsel, may file an Ex Parte Declaration of Non-Cure and an Order Terminating the Automatic Stay with the court. Upon entry of said Order Terminating the Automatic Stay, the automatic stay shall be immediately terminated as to Movant, and Movant may proceed to foreclose its security interest in the Real Property under the terms of the Note and Deed of Trust and pursuant to applicable state law and thereafter commence any action necessary to obtain complete possession of the Real Property without further order or proceeding of this Court.

9. The acceptance by Movant of a late or partial payment shall not act as a waiver of Movant's right to proceed hereunder.

10. In the event that Movant is granted relief from the automatic stay, the parties hereby stipulate that the 14-day stay provided by Bankruptcy Rule 4001(a)(3) is waived.

11. In the event this case is converted to a Chapter 7 proceeding the Automatic Stay shall be terminated as to Movant with respect to the subject property only without further notice, order, or proceedings of the court. If the Automatic Stay is terminated as a matter of law, the terms of this Order shall immediately cease in effect and Movant may proceed to enforce its remedies under applicable non-bankruptcy law against the property and/or against the Debtor(s).

12. The foregoing terms and conditions shall be binding only during the pendency of this bankruptcy case. If, at any time, the stay is terminated with respect to the Real Property by court order or by operation of law, the foregoing terms and conditions shall cease to be binding and Movant may proceed to enforce its remedies under applicable non-bankruptcy law against the Real Property and/or against the Debtor.

13. Upon the Court's entry of the Order approving the Stipulation Granting Adequate Protection, any hearing scheduled shall be taken off the Court's calendar.

14. This stipulation is not intended to impose any additional duties on the Chapter 13 Trustee. The Trustee is not under any duty to respond to any notices pursuant to this stipulation and it shall be the Debtor's burden to establish timely compliance with any payment terms in the stipulation. Trustee's records do not necessarily indicate the date of receipt of the payment and therefore such records are not to be relied upon for that purpose. If a hearing is requested pursuant to this stipulation, such hearing shall be calendared for and occur on the Chapter 13 Trustee's regular law and motion calendar.

IT IS SO ORDERED.

CSD 1159A

Exhibit "A"

LOT 27 OF RANGE VIEW ESTATES, IN THE CITY OF POWAY, COUNTY OF SAN DIEGO, STATE OF
CALIFORNIA, ACCORDING TO THE MAP THEREOF NO. 7381, FILED IN THE OFFICE OF THE COUNTY